IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRUCE W. KOENIG, #288937    *
    Plaintiff,
v.           * CIVIL ACTION NO. JFM-13-3603

K. CORTEZ, *et al.*      *
    Defendants.
           *****

MEMORANDUM

PROCEDURAL HISTORY

  Bruce Koenig ("Koenig"), an inmate formerly confined at the maximum security facility North Branch Correctional Institution ("NBCI"), filed this civil rights complaint and affidavit on November 27, 2013. He alleges that Nurse Cortez violated his Eighth Amendment right to necessary medical care and his rights under the Americans with Disabilities and Rehabilitation Acts when (1) in October of 2013, she failed to intervene on his behalf when he was forced on an examination table by correctional officers and taken back to his cell and (2) in November of 2013, she saw him for a sick-call visit and spoke away from him, so that he could not hear what she was saying. He accuses the nurse of screaming at him and walking out of the examination room without conducting an examination. ECF No. 1.

  Koenig additionally complains that NBCI correctional officers denied him showers and out-of-cell activity during a 2013 prison lockdown, refused him medical treatment in October and November of 2013, improperly ended a medical examination when he could not get up on an examination table; and caused him to experience severe pain when cuffing him from behind. *Id.*

PENDING MOTIONS

Defendants have filed motions to dismiss or, in the alternative, motions for summary judgment. ECF Nos. 16 & 22. Although Koenig was provided notice of those filings and afforded several extensions to file responses, defendants' pleadings, construed as motions for summary judgment, remain unopposed. An oral hearing is not necessary. The matter may be determined on the briefing before the court. *See* Local Rule 105.6. (D. Md. 2014).

STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(a):

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla" of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment. *See Anderson*, 477 U.S. at 252.

This court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D. Md. 2001) (citation omitted). Indeed, the court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humpreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

DISCUSSION

Facts

Defendant Cortez acknowledge that Koenig is a 65 year-old male with a number of medical problems, including asthma, hypertension, multiple allergies, Meniere's disease,[1] and back pain. ECF No. 16 at Exs. 1-4. She maintains that in September of 2013, Koenig was seen in the Chronic Care Clinic ("CCC") for his conditions and complained that his Meniere's disease caused him dizziness and hearing loss. On examination, both of Koenig's ears were normal to inspection and hearing in both ears was found to be grossly intact. ECF No. 16, Ex. 1.

On October 10, 2013, Koenig was seen by Nurse Cortez in response to his sick-call request regarding his medical assignment. Prior to being taken to the examination room, Koenig was observed by custody officers walking around his cell and moving his belongings without the use of his cane. Upon arrival in the examination room, however, Koenig was stumbling and had an unsteady gait. Cortez noted that Koenig had entered her personal space and refused to be seated as instructed. He was removed from the medical examination room by custody for refusing to be seated when requested. Cortez maintains that because the purpose of the visit was for renewal of Koenig's medical assignments, no treatment was required at the time. *Id*., Ex. 1: Ex. 2 at Cortez Aff.

On November 6, 2013, Koenig was again seen by Cortez in response to his request for medical assignments and lab work. According to the record, Koenig was removed from the examination room per Cortez's request because he refused to answer medical assessment questions. Cortez observed that Koenig "pretends to have a hearing impairment when with

---

[1] Meniere's disease can cause severe dizziness, a roaring sound in your ears called tinnitus, hearing loss that comes and goes and the feeling of ear pressure or pain. It usually affects just one ear and is a common cause of hearing loss. Scientists believe that it has to do with the fluid levels or the mixing of fluids in the canals of your inner ear. Symptoms occur suddenly and can happen as often as every day or as seldom as once a year. An attack can be a combination of severe dizziness or vertigo, tinnitus and hearing loss lasting several hours. *See* www.nlm.nih.gov/medlineplus/menieresdisease.html.

medical staff but responds…to officers standing a sizeable distance away." ECF No. 16, Ex. 1; Ex. 2 at Cortez Aff. Cortez again affirms that no medical assessment or treatment of Koenig was necessary at that time because he was merely seeking the renewal of medical assignments and lab work. *Id*.

The state defendants maintain that on August 5, 2013, NBCI was placed on a lockdown due to numerous assault on staff and inmates. In response, the NBCI Warden decided that all inmates were to be handcuffed and escorted to showers and recreation. The shower logs show that Koenig was offered and refused showers several times, while he received showers on six separate occasions from September through November of 2013. ECF No. 22, Ex. 2 at Brewer Decl. Exhibits submitted indicate that Koenig himself voluntarily signed off showers for the duration of the lockdown. *Id*., Ex. 3. The state defendants affirm that policy mandated that inmates were to be cuffed behind the back for escort, unless medical reasons prohibited such cuffing. On October 24, 2013, Koenig was handcuffed behind his back without incident or complaints while his property was inventoried. *Id*., Exs. 4 & 5 at Shambaugh and McKenzie Decls. They further assert that although Koenig filed administrative remedy procedure ("ARP") grievances, he filed no ARPs regarding the alleged denials of showers and recreation or the medical incident of October 24, 2013. *Id*., Ex. 6.

## 42 U.S.C. § 1997e Administrative Exhaustion Requirements

The state defendants move to dismiss the complaint because Koenig has failed to exhaust administrative remedies. The Prisoner Litigation Reform Act provides, in pertinent part:

> (a) Applicability of administrative remedies
> 
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

> confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As an inmate, Koenig is subject to the strict requirements of the exhaustion provisions. It is of no consequence that plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Administrative remedies must, however, be available to the inmate and this court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir.2007); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id.* at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir.2006).

*Moore v. Bennette*, 517 F. 3d 717, 725 (4th Cir. 2008).

Thus, Koenig's claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that the state defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D.Md. 2003).

In light of Koenig's failure to rebut the state defendants' affirmative defense that the claims presented in the complaint have not been exhausted through the administrative remedy procedures in place at the detention center, they are entitled to dismissal of the claims against them.

## Eighth Amendment Claim

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *See Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff members were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Where, as here, Koenig claims that he was denied treatment in October and November of

2013, but fails to allege that he was denied medical care for a serious medical need or alleged that he experienced a serious medical injury, no Eighth Amendment violation has been illustrated.

Claims under the American's with Disabilities Act ("ADA")
and Rehabilitation Act ("RA")

To establish a prima facie case under Title II of the ADA, Koenig must show that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) the exclusion, denial of benefits, or discrimination was by reason of his disability. *See Constantine v. George Mason Univ.,* 411 F.3d 474, 498 (4th Cir. 2005); *Baird v. Rose,* 192 F.3d 462, 467 (4th Cir. 1999). States are obligated to make "reasonable modifications" to enable the disabled person to receive the services or participate in programs or activities. 42 U.S.C. § 12131 *et seq*. A reasonable modification does not require the public entity to employ any and all means to make services available to persons with disabilities. Rather, the public entity is obligated to make those modifications that do not "fundamentally alter the nature of the service or activity of the public entity or impose an undue burden." *Bircoll v. Miami-Dade County,* 480 F.3d 1072, 1082 (11th Cir. 2007).

Defendants correctly assert that Koenig has not named the proper party to pursue an ADA claim because the named defendants, employees of a public entity sued in their individual capacities, are not a "public entity." ECF No. 22 at Memorandum, pp. 12-13, *see also* 42 U.S.C. §12131(1)(A) – (C). Notwithstanding the failure to name proper parties, Koenig's claim fails. Defendants correctly observe that Koenig does not have an impairment which substantially limits

one or more of the "major life activities," nor has he demonstrated that he has been denied participation or excluded from any benefit, program or therapy due to his disability. Koenig was removed from the examination room because of non-compliance with directives issued by medical personnel, not because of his disability and, thus, a prima facie case of an ADA or RA claim is not established. *See, e.g. Miller v. Hinton,* 288 Fed. Appx. 901 (4th Cir. 2008) (prison's alleged denial of access to colostomy bags and catheters by inmate, who was a paraplegic confined to a wheelchair who used such supplies for urinary bladder control, did not constitute disability discrimination in violation of ADA absent a showing that inmate was treated in that manner because of his disability); *Burger v. Bloomberg,* 418 F.3d 882, 883 (8th Cir. 2005) (medical care provided to inmate for his diabetes could not be basis for RA action); *Fitzgerald v. Corr. Corp. of Am.,* 403 F.3d 1134, 1144 (10th Cir. 2005) (inmate's claims under RA and ADA were properly dismissed for failure to state claim as they were based on medical treatment decisions); *Spencer v. Easter,* 109 Fed. Appx. 571, 573 (4th Cir. 2004) (failure to provide timely refills of prescription drugs did not amount to an ADA violation where there was no showing that it was done based on prisoner's disability); *Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir. 1996) (holding that the ADA is not "violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. No discrimination is alleged; Bryant was not treated worse because he was disabled."). Given the undisputed facts, defendants are entitled to summary judgment in their favor on Koenig's claim under the ADA and the RA.

Date: __December 30, 2014____        ___/s/_____
                                     J. Frederick Motz
                                     United States District Judge